UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-20778

CIV - GOLD

MAGISTRATE JUDGE
TURNOFF

FILED by JC D.C.
MAR 23 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

## NOTICE OF AND PETITION FOR REMOVAL

Please take notice that Petitioner/Defendant, ALUTIIQ-MELE, LLC, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1441(a), (b) and (c), and 28 U.S.C. § 1332, hereby serves this Notice of Removal of Case No. 06-28159-CA-10 currently pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, as follows:

1. On or about December 29, 2006, Plaintiff TARENCE ROBINSON filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled Tarence Robinson v. Alutiiq-Mele, LLC, Case No.: 06-258159-CA-10. Defendant moved to dismiss the Complaint after which Plaintiff filed a First Amended Complaint and then a Second Amended Complaint on March 2, 2007. The Second Amended Complaint asserts a single cause of action for discrimination under Florida Statutes § 760.10 et seq. See Second Amended Complaint attached hereto in composite **Exhibit "A."**

2. The action described in paragraph 1 above is a civil action of which this Court has original jurisdiction pursuant to the diversity of citizenship provisions contained in 28 U.S.C. § 1332. Moreover, venue properly lies in this District Court pursuant to the provisions of 28 U.S.C. § 1391(a). The district and division embracing the place where such action is pending is the United States District Court for the Southern District of Florida, Miami Division. See 28 U.S.C. § 1441(a).

3. Therefore, this action is one which may be removed to this Court by the Petitioner/Defendant pursuant to the provisions of 28 U.S.C. § 1441(a).

## I. DIVERSITY OF CITIZENSHIP

4. In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means plaintiff may not be a citizen of the same state as the defendant. Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354 (S.D. Fla. 1998) (citing Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000)).

5. At the time the Complaint and the instant Notice of Removal were filed in this action, and at all times material hereto, Plaintiff has been a resident of the state of Florida. See Plaintiff's Responses to Requests for Admissions and Defendant's Requests for Admissions attached hereto as composite **Exhibit "B."**

6. At the time the Complaint and the instant Notice of Removal were filed in this action, and at all times material hereto, Defendant is a limited liability company organized and formed in and under the laws of the State of Alaska with its principal place of business in Anchorage, Alaska. Plaintiff does not dispute that Defendant is an Alaskan company. See Complaint case style.

## II. AMOUNT IN CONTROVERSY

7. According to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount of controversy to "exceed the sum or value of $75,000.00." A defendant's right to remove is determined by examining the allegations in the complaint at the time the defendant files a notice of removal. Pease, 6 F. Supp. 2d at 1356.

8. Plaintiff has made an unspecified demand for damages so as to trigger the Eleventh Circuit's Tapscott standard. See Tapscott, 77 F.3d at 1356, 1359 (where plaintiff has made unspecified demand for damages in state court, the removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000.00] jurisdictional requirement).[1]

9. To clarify whether Plaintiff seeks damages in excess of the $75,000 jurisdictional limit, counsel for Defendant served Plaintiff with Requests for Admissions on February 5, 2007 inquiring as to the amount in controversy. See Exhibit "B" attached hereto.

10. On March 5, 2007, Plaintiff served responses to the Requests for Admissions, admitting that the amount in controversy is in excess of $75,000.00. See Exhibit "B" attached hereto. For purposes of diversity, the Court may consider the entire record presented to it and not merely the Complaint. See Woolard v. Heyer-Schulte, 791 F. Supp. 294 (S.D. Fla. 1992) (defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers); Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 246 (S.D. Fla. 1982); Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985); Lee v. Altamil Corp. 457 F. Supp. 979

---

1. A plaintiff's unspecified demand no longer places upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement. Tapscott, 77 F.3d at 1357.

(M.D. Fla. 1978) (court may examine the record as a whole in determining the propriety of removal).

11. Based on Plaintiff's responses to Defendant's First Request for Admissions, it is clear that the amount in controversy is in excess of $75,000.00. See Wilson v. Belin, 20 F.3d 644 (5th Cir. 1994) (upholding removal where the record contained a letter from plaintiff's counsel stating the amount in controversy exceeded the jurisdictional limit and complaint failed to state the amount in controversy). Thus, based on a reasonable interpretation of the pleadings and the record before this Court, it is clear that Plaintiff's claim for damages is in excess of this Court's jurisdictional minimum.

## III. NOTICE AND TIMELINESS

12. This Notice of and Petition for Removal has been filed within thirty (30) days from the date on which Petitioner/Defendant learned that the amount in controversy was in excess of the jurisdictional minimum necessary to establish diversity jurisdiction. Specifically, on March 12, 2007, the Defendant received the Plaintiff's responses to the Requests for Admission. Thus, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

13. Copies of all process, pleadings, orders and other papers or exhibits of every kind currently on file with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida are attached to this Notice of and Petition for Removal as composite **Exhibit "A,"** as required by 28 U.S.C. § 1446(a).

14. Pursuant to 28 U.S.C. § 1446(d), Petitioner/Defendant has provided written notice of removal to the Plaintiff in this action and has filed a Notice of filing Notice of and Petition for Removal in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant/Petitioner, ALUTIIQ-MELE, LLC, requests that the United States District Court for the Southern District of Florida issue such order and process as necessary to preserve its jurisdiction over this matter.

Dated: 23rd day of March 2007.

Respectfully submitted,

By: ______________________

Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on March 23rd, 2007, on all counsel or parties of record on the attached service list.

______________________
Jennifer A. Schwartz, Esq.

**SERVICE LIST**

TARENCE ROBINSON VS. ALUTIIQ-MELE, LLC
CASE NO.: ____________________

Erwin Rosenberg, Esq.
Florida Bar No.:0163279
E-mail: attyerwinr@aol.com
Post Office Box 416433
Miami Beach, Florida 33141
Telephone: 786-299-2789
Facsimile: 305-531-5122

Christine L. Wilson, Esq.
Florida Bar No.: 143588
E-mail: *Wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
Florida Bar No.: 502431
E-mail: Schwartzj@jacksonlewis.com
Jackson Lewis, LLP
One Biscayne Boulevard
2 South Biscayne Boulevard
Miami, FL 33131
Telephone: 305-577-7600
Facsimile: 305-373-4466
ATTORNEYS FOR DEFENDANT

# Exhibit
# "A"

CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
12/29/2006
Log Number 511768255

**TO:** Kim Pinkerton
Alutiiq, LLC
3909 Arctic Blvd., #400
Anchorage, AK, 99503-5710

**RE:** **Process Served in Florida**

**FOR:** Alutiiq - Mele, LLC (Domestic State: AK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tarence Robinson, Pltf. vs. Alutiiq-Mele, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL, FL<br>Case # 06-28159-CA-01-10 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of Race, National Origin and Age - Demotion - Wrongful Termination on March 31, 2006 - Seeking damages and an injunction |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/29/2006 at 10:26 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Erwin Rosenberg<br>P.O. Box 416433<br>Miami Beach, FL, 33141<br>786-299-2789 |
| **ACTION ITEMS:** | Telephone, Kim Pinkerton , 907-762-9415<br>*Information left on voice mail*<br>SOP Papers with Transmittal, via Fed Ex 2 Day, 798575542489<br>SOP Papers with Transmittal, via Fax, Chris Wilson 305-373-4466<br>Email Notification, Kim Pinkerton kpinkerton@alutiiq.com<br>Email Notification, Jessica Graham jgraham@alutiiq.com<br>Email Notification, Pamela Keeler pkeeler@alutiiq.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Donna Moch |
| **ADDRESS:** | 1200 South Pine Island Road<br>Plantation, FL, 33324 |
| **TELEPHONE:** | 954-473-5503 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

IN THE CITCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE # 06-28159-CA-01
(10)

TARENCE ROBINSON
Plaintiff

v.
ALUTIIQ-MELE, LLC, an Alaskan
corporation

Defendant
_____________________/

DATE 12/29/06
HOUR 10:20 am
DEPUTY SHERIFF

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in this lawsuit on defendant ALUTIIQ-MELE, LLC, an Alaskan corporation c/o C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION FL 333241. Each defendant is required to serve written defenses to the complaint or petition on Erwin Rosenberg, Esq., plaintiff's attorney, whose address is P.O. Box 416433, Miami Beach, FL 33141, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on 12·27·06

As Clerk of Court

By D Teran

As Deputy Clerk

IN THE CITCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE # 06-28159-CA-01
(10)

TARENCE ROBINSON
Plaintiff

v.

ALUTIIQ-MELE, LLC, an Alaskan
corporation

Defendant
_______________________/

**COMPLAINT**

**CLAIM 1: CLAIM UNDER F.S. 448.103 FOR VIOLATION OF F.S. 448.102**

1. This is an action for an injunction restraining continued violation of this act, reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position, reinstatement of full fringe benefits and seniority rights, compensation for lost wages, benefits, and other remuneration, and any other compensatory damages allowable at law, exclusive of attorney's fees, court costs and interest.

2. Personal jurisdiction is proper since the violation, at least in part, occurred in Miami-Dade County.

3. Venue is proper since the violation, at least in part, occurred in Miami-Dade County and Defendant has an office in Miami, Florida.

4. On or about April or May 2005 Defendant conducted a supervisors' meeting where Plaintiff, as supervisor, was present.

5. At that meeting Defendant's project manager Nelson Meneses presented two

18. Plaintiff went to work in Mississippi for about 1.5 months.

19. Upon his return, Plaintiff called Ares, and Ares offered Plaintiff to work on FEMA, and Plaintiff accepted.

20. Plaintiff started working with FEMA from approx. October 24, 2005 until March 31, 2006.

21. Plaintiff began FEMA work at Indiantown.

22. Then Plaintiff went to Lehigh Acres for FEMA.

23. Then Plaintiff went to Marathon for FEMA.

24. Then, on January 17, 2006, Plaintiff went to West Palm Beach for FEMA and Plaintiff was made a supervisor.

25. On March 31, 2006 Defendant's Captain Lunette Russell discharged Plaintiff, claiming there was no work, but Defendant then hired new guards of Hispanic background.

26. Russell said to Plaintiff to go to SSA, an Alutiiq subcontractor, to see if they have any openings because Alutiiq had no additional work.

27. Thereafter Plaintiff went to speak to Nelson Meneses or his assistant, Mr. Roach.

28. Meneses and Roach were supposedly unavailable.

29. Defendant's Captain Lunette Russell told Plaintiff to go speak to Louis at SSA, a subcontractor of Defendant.

30. Plaintiff has been working for SSA as a security guard.

31. At first Plaintiff was working for SSA at different posts.

32. Since about June or July 2006 Plaintiff has been working for SSA at INS Citizenship post 77 SE 5th Street.

33. On August 22, 2006 Plaintiff filed a discrimination charge EEOC #15C-2006-02340 based on Race, National Origin and Age against Defendant arising from Defendant's discharge of Plaintiff on March 31, 2006.

34. Plaintiff's statement to Meneses at the supervisors' meeting that it was unfair for Meneses to hire the two young Hispanic men for the two new quality control jobs without posting the jobs in public, was an objection to illegal discrimination by not making the new jobs open in general.

35. Also, the objection constituted an objection to government contractor waste because a better suited employee for the quality control job would better use the government moneys.

36. Discrimination is illegal by the Florida Civil Rights Act; F.S. 760.10(1)(A) prohibits an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

37. Wasting government property is a form of larceny, which is illegal.

38. As a consequence of Plaintiff's objection, Defendant demoted Plaintiff as supervisor and eventually discharged him from being an employee of Defendant.

39. F.S. 448.102 states "An employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

40. F.S. 448.103 states that an aggrieved person may make a civil remedy claim

against an employer for violation of F.S. 448.102.

41. WHEREFORE, Plaintiff makes a claim for violation of F.S. 448.102 and seeks an injunction restraining continued violation of this act, reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position, reinstatement of full fringe benefits and seniority rights, compensation for lost wages, benefits, and other remuneration, and any other compensatory damages allowable at law, exclusive of attorney's fees, court costs and interest..

**CLAIM 2: CLAIM UNDER FLORIDA CIVIL RIGHTS ACT 760.10(7)**

42. Plaintiff re-alleges paragraphs 1 through 40.

43. In 2005 Plaintiff made a charge of discrimination at the MDEOC which was filed with the Florida Commission on Human Relations, EEOC #15C-2005-00151, based on Race and Color against Defendant. See Attachment "A."

33. More than 180 days passed after the filing with the FCHR with no decision by the FCHR.

34. F.S. 760.10 states "(1) It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

35. F.S. 760.07 gives an aggrieved person a right to sue for violation of F.S.760.10(7).

36. WHEREFORE, Plaintiff makes a claim for violation of F.S.760.10(7) and seeks compensatory and punitive damages, including reasonable attorney's fees, court costs and such other remedies as this court find proper in the interests of justice.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues for which a jury trial is available.

Respectfully,

Erwin Rosenberg, Esq.
TFB #0163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789
E-mail: attyerwinr@aol.com

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA [ ] EEOC

CHARGE NUMBER:

Miami Dade County Equal Oppty. Bd. and EEOC
State or local Agency, if any

NAME (Indicate Mr., Ms., Mrs.): Mr. Tarence J. Robinson

HOME TELEPHONE (Include Area Code): (786) 285-4193

STREET ADDRESS: 1327 N.E. 125 Street

CITY, STATE AND ZIP CODE: North Miami, FL 33167

DATE OF BIRTH: 11/22/1965

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Alutiiq-Mele LLC Security | Cat A (15-100) | (305) 406-3404 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3399 N.W. 72 Avenue, Suite 215 | Miami, FL 33130 | 086 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[X] RACE [X] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 06/01/2005 LATEST: 06/03/2005
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

When the above-named company took over on November 1, 2004, I was hired as a Security Officer. In April 2005, I was promoted to the Site Supervisor due to my excellent work performance.

On or about three months ago, two White, Hispanic males were hired as a supervisor. On June 1, 2005, they came for inspection while I was working on my post, and I complied. Later they accused me of being rude and unprofessional towards them. As a result, I was disciplined and demoted to my original position. In fact, I was in good standing during the past year.

I believe that I have been discriminated against on the basis of my race, color, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended; Chapter 760 of the Florida Statutes, as amended; Chapter 11A of the Miami-Dade County Code, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

ORIGINAL FILED
JAN 22 2007
HARVEY RUVIN
CLERK

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, ALUTIIQ-MELE, LLC, ("Alutiiq"), by and through its undersigned counsel, and pursuant to Fla. R. Civ. P. 1.140(1) and (6), files this Motion to Dismiss Plaintiff's Complaint, which alleges a violation of the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA"), and Florida's Whistle Blower Act, Fla. Stat. § 448.102.

**PRELIMINARY STATEMENT**

1. Plaintiff alleges that in April or May 2005, he complained to Defendant's Project Manager that it was "unfair" that two Quality Control positions had been filled by Hispanic men without being posted, thereby depriving the general public of an opportunity to apply for the positions. (See Complaint ¶¶ 4-6, 34).

2. Plaintiff claims that as a consequence of this alleged complaint, he was demoted from the position of supervisor and subsequently terminated. (Id. ¶ 38).

3. Plaintiff's employment with Defendant terminated on March 31, 2006, approximately one year after Plaintiff made the alleged complaint. (Id. ¶ 25).

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FCRA

In order to proceed with a claim under the FCRA, a plaintiff must first file a complaint with the Florida Commission on Human Relations ("FCHR"). See Joshua v. City of Gainesville, 768 So. 2d 432, 436 (Fla. 2000); Santini v. Cleveland Clinic Florida, 843 So. 2d 1029 (Fla. 4th DCA 2003); Fla. Stat. § 760.11(1),(4). Specifically, a civil action "may be initiated only after the plaintiff has exhausted his or her administrative remedies." Id. at § 760.07. The first step is that the Plaintiff "file a complaint with the commission." Id. at § 760.11(1). Failure to comply with this provision of Fla. Stat. § 760.11 bars a subsequent civil action under the FCRA. See Thompson v. Nassau County Dept. of Trans., 1999 U.S. Dist. LEXIS 21268 (M.D. Fla. July 13, 1999); Fla. Stat. § 760.11(1),(4).

In his Complaint, Plaintiff first alleges that he filed a Charge of discrimination, which is attached as Exhibit "A" to the Complaint, with the Miami Dade County Equal Opportunity Board ("MDCEOB"). (See Complaint ¶ 13). Later in the Complaint, Plaintiff alleges that this Charge was filed "with the Florida Commission on Human Relations, EEOC #15C-2005-00151" and references Attachment A. Id. ¶ 43. However, as the face of the Charge demonstrates, Plaintiff's Charge was filed with the MDCEOB, which dually filed it with the Equal Employment Opportunity Commission - - not the Florida Commission on Human Relations ("FCHR"). (See Complaint, Exh. "A").[1] A charge which is filed with a local agency and the EEOC does not constitute a filing with the FCHR. See, e.g., Thompson, 1999 U.S. Dist. LEXIS 21268 at * 5-7 ("to allow the filing of a complaint invoking the FCRA with an entity

[1] Plaintiff failed to file a complaint asserting his federal claims within the 90 day period after receiving the EEOC Notice of Right to Sue. Plaintiff cannot avoid this failure by attempting to claim he filed the Charge with the FCHR so he can pursue these same claims in state court.

other than the FCHR by someone other than the aggrieved individual (or the Attorney General, a Commissioner, or the Commission) - - which recognizing "dual-filing" with the [local agency] or EEOC would do - - is to fail to comply with the FCHR's own regulations"). Plaintiff cannot create a question of fact by contradicting facts which are demonstrated by the attached Charge. See, e.g., Cary v. Keene Corp., 472 So. 2d 851 (Fla. 1st DCA), *pet. for rev. denied*, 480 So. 2d 1294 (Fla. 1985); Maryland Casualty Co. v. Murphy, 342 So. 2d 1051 (Fla. 3d DCA), *cert. denied*, 352 So. 2d 173 (Fla. 1977)(finding a party may not repudiate or contradict himself to create a question of fact).

The Charge speaks for itself. Nothing in Plaintiff's Charge of discrimination indicates that the Charge was filed with the FCHR. Further, Plaintiff has presented no evidence (i.e., an affidavit or acknowledgment letter) indicating that Plaintiff's Charge was filed with or submitted to the FCHR. As Plaintiff has presented no evidence his Charge of discrimination was filed with the FCHR, his FCRA claim is barred because of Plaintiff's failure to exhaust his administrative remedies. See Joshua, 768 So. 2d at 436 (the Legislature did not intend for persons aggrieved under the Florida Civil Rights Act to proceed with a civil action without investigation by the Florida Commission on Human Relations . . . the Legislature wanted persons who believe they have been the object of discrimination to go through the administrative process prior to bringing a circuit court civil action.) In Joshua, the Florida Supreme Court specifically held that:

> [d]espite the language of section 760.11(8), which allows a complainant to proceed to circuit court without a reasonable cause determination, the entire statutory scheme seems to favor exhaustion of administrative remedies prior to court action. It would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress, or lack thereof, in investigating the complaint filed with that body.

Id. at 437.

Moreover, even if Plaintiff's Charge was submitted to the FCHR, his FCRA claim is still barred because the allegations in the Charge are different from the allegations asserted in the Complaint. See Freese v. Wuesthoff Health Sys., Inc., 2006 U.S. Dist. LEXIS 31784, *13 (M.D. Fla. May 19, 2006)(granting motion to dismiss plaintiff's FCRA claim because allegations in her charge of discrimination were "entirely new and different" from the allegations in the complaint). In the Charge attached as Exhibit "A" to the Complaint, Plaintiff alleges that Defendant violated the FCRA because two White, Hispanic male supervisors accused him of being rude and unprofessional and, as a result, he was disciplined. (See Exhibit "A" to the Complaint). Plaintiff also alleges in the Charge that the alleged discrimination took place between June 1, 2005 and June 3, 2005. Id. In his Complaint, however, Plaintiff alleges that Defendant violated the FCRA because he was discriminated against when his employment was terminated. (See Complaint ¶¶ 34, 36).[2] Plaintiff further alleges that his employment was terminated on March 13, 2006, nearly one year after he alleges the discrimination ended in his Charge. (See Complaint ¶ 25 and Exhibit "A" to the Complaint).

It is obvious from the face of the Complaint that the FCRA violations asserted therein are entirely different from the FCRA violations Plaintiff complained of in his underlying Charge. Neither the MDCEOB nor the FCHR had an opportunity to investigate Plaintiff's allegations that his employment was terminated because he was discriminated against in violation of the FCRA. Accordingly, Count II of Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies.

---

[2] Plaintiff's Complaint is misnumbered. See ¶ 36 in Count I and ¶ 34 in Count II.

## II. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER FLORIDA'S WHISTLE BLOWER ACT

The Florida Whistle Blower Act provides that an employer may not take any retaliatory action against an employee who has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule or regulation. However, this subsection does not apply unless the employee has, in writing brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into any alleged violation of a law, rule, or regulation by the employer.
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

See Fla. Stat § 448.102.

Here, it appears that Plaintiff is alleging a violation under subsection (3), claiming that he "objected to" an activity "which is in violation of a law, rule, or regulation." The statutory phrase "law, rule or regulation", as defined by Section 448.101(4), includes "any statute or ordinance or any rule or regulation adopted pursuant to any federal, state or local statute or ordinance applicable to the employer and pertaining to the business." See Snow v. Ruden, McClosky, Smith, Schuster & Russell, 896 So. 2d 787 (Fla. 2d DCA 2005) (finding plaintiff failed to state a claim under Florida's Whistle Blower Act because Florida Bar Rules do not constitute a "law, rule or regulation" as defined by the Act); New World Comm'n of Tampa, Inc. v. Akre, 866 So. 2d 1231, 1233 (Fla. 2d DCA 2003) (reversing jury verdict and finding in favor of defendant because a federal agency's (the FCC) policy does qualify as a "law, rule or regulation", as required by Florida's Whistle Blower Act); Forrester v. John B. Phipps, Inc., 643 So. 2d 1109 (Fla. 1st DCA 1994) (affirming dismissal of complaint because public policy is not

considered a "law, rule or regulation", as defined by Florida's Whistle Blower Act); Gillyard v. Delta Health Group, Inc., 757 So. 2d 601 (Fla. 5th DCA 2000) (affirming dismissal of complaint for failure to state a cause of action because a government mandatory evacuation order does not constitute a "law, rule or regulation" as required by Florida's Whistle Blower Act). Pursuant to section 440.102(3) of the Florida Whistle Blower Act, there must be an actual violation of a law, rule, or regulation by the employer before Plaintiff can sustain a claim. See Lawson v. Dollar Gen. Corp., 2006 U.S. Dist. LEXIS 47082, * 7-8 (M.D. Fla. July 12, 2006); Barlow v. Conagra Foods, Inc., 2005 U.S. Dist. LEXIS 31398, * 12 (M.D. Fla. Nov. 23, 2005).

Here, in Count I of the Complaint, Plaintiff claims Defendant violated Florida's Whistle Blower Act, Fla. Stat. § 448.102, because he was terminated one year after complaining it was "unfair" that two Quality Control positions had been filled because the positions had not been "posted in public." (See Complaint ¶ 6). Specifically, Plaintiff claims that in April or May 2005, Defendant conducted a supervisors meeting at which the project manager, Nelson Meneses, "presented two young Hispanic men as the new Quality Control persons." Id. ¶ 5. Plaintiff claims he "stood up and complained to Meneses that this was not fair, as the Quality Control jobs had not been posted in public in order that others would apply for these jobs." Id. ¶ 6.

Clearly, such a statement cannot be construed as objecting to a violation of a law, rule, or regulation, and Defendant is not required to intuit or interpret Plaintiff's intent. As such, he has failed to state a claim for retaliatory discharge under Florida's Whistle Blower Act because Plaintiff's allegations demonstrate that he did not complain about a violation of a law, rule or regulation. Even if Plaintiff's alleged complaint that the positions should have been posted could some how be construed as an "objection" to Defendant's practices, the act alleged by Plaintiff (that the Quality Control positions given to two individuals of Hispanic descent were

not posted to the general public) is not a violation of any law, rule, or regulation, and Plaintiff has failed to identify any specific law, rule, or regulation which he claimed was violated. Accordingly, Count I fails to state a claim for violation of Florida's Whistle Blower Act and it should be dismissed.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Court to dismiss Plaintiff's Complaint in its entirety, in addition to such other and further relief as this Court deems just and proper.

Dated this 16 day of January 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By:____________________
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via U.S. Mail to Erwin Rosenberg, Esq., P.O. Box 416433, Miami Beach, Florida 33141 the 16 day of January 2007.

____________________
Jennifer A. Schwartz, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

**NOTICE OF HEARING**
(Specially Set for 10 min.)

**TO:** Erwin Rosenberg, Esq.
Post Office Box 416433
Miami Beach, FL 33141

PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing on: Defendant's **Motion to Dismiss Plaintiff's First Amended Complaint and Supporting Memorandum of Law**

**BEFORE**: Honorable Margarita Esquiroz
**AT**: Dade County Courthouse
73 West Flagler Street, Courtroom 635
Miami, Florida 33128
**DATE**: Thursday, March 1, 2007
**TIME**: 2:30 p.m.

In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the ADA Coordinator, at the Dade County Courthouse, 73 West Flagler Street, Room 911, Miami, Florida 33130, no later than seven days prior to the proceeding. If hearing impaired, (TDD) 305-349-7175 or 305-349-7174.

or as soon thereafter as it may be heard.

| |
|---|
| Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motion has been made with opposing counsel. |

Dated this 26th day of February 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: [signature]
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
Attorneys for Defendant
Alutiiq-Mele, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via e-mail and U.S. Mail to Erwin Rosenberg, Esq., counsel for Plaintiff, Post Office Box 416433, Miami Beach, Florida 33141 the 26th day of February 2007.

[signature]
Christine L. Wilson, Esq.

IN THE CITCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE #06-28159-CA-10

TARENCE ROBINSON
Plaintiff
v.

ALUTIIQ-MELE, LLC, an Alaskan
Corporation
Defendant
_______________________________/

**FIRST AMENDED COMPLAINT**

**CLAIM 1: CLAIM UNDER FLORIDA CIVIL RIGHTS ACT 760.10(7)**

1. This is an action under F.S. 760.10(7) for an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

2. Personal jurisdiction is proper since the discrimination occurred in Miami-Dade County.

3. Venue is proper since the discrimination occurred in Miami-Dade County and Defendant has an office in Miami, Florida.

4. On or about June 16, 2005 Plaintiff made a charge of discrimination based on Race and Color against Defendant by filing the charge with the MDEOC, a Fair Employment Practice Agency, (which is in lieu of making a charge with the Florida Commission on Human Relations) identified as EEOC #15C-2005-00151. Attachment "A" from the Initial Complaint is hereby incorporated by reference.

5. More than 180 days passed after the filing with the MDEOC with no decision by the MDEOC.

6. When Defendant took over the federal contract on November 1, 2004, Plaintiff was hired as a Security Officer.

7. On or about April 2005, Plaintiff was promoted to be the Site Supervisor due to his excellent work performance.

8. On June 1, 2005 two White, Hispanic males (who some months ago had been hired as quality control supervisors by Defendant without posting the jobs) came for an inspection while Plaintiff was working on his post (DEA), and Plaintiff reasonably complied with their inspection.

9. Later, these White, Hispanic males accused Plaintiff of being rude and unprofessional towards these White, Hispanic males.

10. As a result, Plaintiff was disciplined and demoted to Plaintiff's original position, that of Security Officer, despite the fact that Plaintiff had been in good standing.

11. Two days later Plaintiff was demoted as supervisor.

12. Then Plaintiff was sent to INS 79th Street Biscayne Blvd.

13. Plaintiff began receiving a lesser hourly pay and less hours (35-38 hours per week, instead of 40 hours per week).

14. Shortly thereafter Plaintiff made a charge of discrimination at the MDEOC identified as EEOC #15C-2005-00151 based on Race and Color against Defendant.

15. Plaintiff stayed at INS 79th Street for about 6 to 8 months during which time Plaintiff had to be at work at 6 AM. to 2:30 P.M. or 6AM to 4PM. four days per week. (Previously Plaintiff had been working from 8AM to 4 PM, even prior to having become

a supervisor).

16. Defendant discriminated against Plaintiff on the basis of Plaintiff's race, color, Black, in violation of Chapter 760 of the Florida Statutes.

17. Discrimination is illegal by the Florida Civil Rights Act; F.S. 760.10(1)(A) prohibits an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

18. WHEREFORE, Plaintiff makes a claim under F.S. 760.10(7) for violation of F.S. 760.10(1)(A) and seeks the following remedies: an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues for which a jury trial is available.

**NOTICE OF APPEARANCE**

I, Erwin Rosenberg, hereby appear as attorney for Plaintiff.

Respectfully,

Erwin Rosenberg, Esq.
The Florida Bar #0163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendant, ALUTIIQ-MELE, LLC, ("Alutiiq"), by and through its undersigned counsel, and pursuant to Fla. R. Civ. P. 1.140(1) and (6), files this Motion to Dismiss Plaintiff's First Amended Complaint, which alleges a violation of the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA"). The relevant facts are set forth below:

1. Plaintiff alleges that on June 1, 2005 two Hispanic males "came for an inspection while Plaintiff was working on his post and Plaintiff reasonably complied with their inspection." (See Complaint ¶ 8). These two men "accused Plaintiff of being rude and unprofessional." (Id. ¶ 9).

2. "As a result, Plaintiff was disciplined and demoted." (Id. ¶ 10). Plaintiff was then "sent to INS 79th Street" where he "began receiving a lesser hourly pay and less hours a week." (Id. ¶¶12-13).

3. Plaintiff then filed a "charge of discrimination at the MDEOC"[1] claiming he was discriminated on based on race and color. (Id. ¶ 14).

4. In his First Amended Complaint, Plaintiff alleges he was discriminated against "in violation of Chapter 760 of the Florida Statutes," the Florida Civil Rights Act. (Id. ¶¶ 16-17).

5. As Plaintiff failed to exhaust his administrative remedies under the FCRA and fails to state a claim under that statute, the First Amended Complaint should be dismissed.

## PROCEDURAL BACKGROUND

1. Plaintiff filed his original Complaint on or about December 29, 2006 alleging a violation of the FCRA and the Florida Whistle Blower Act.

2. On January 16, 2007, Defendant moved to dismiss the original Complaint on the grounds he failed to state a cause of action under both statutes and failed to exhaust his administrative remedies under the FCRA.

3. Plaintiff filed a First Amended Complaint on February 16, 2007 in which he withdrew the Whistleblower claim and amended the facts supporting his FCRA claim. Attached hereto at Exhibit 1.

4. As the amendments to the FCRA claim have failed to cure the original deficiencies, Defendant moves to dismiss the First Amended Complaint on the same grounds.

---

[1] Defendant believes Plaintiff means the Miami Dade Equal Employment Opportunity *Board*.

## ARGUMENT

## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER THE FCRA

### A. Plaintiff Failed to Exhaust His Administrative Remedies

In order to proceed with a claim under the FCRA, a plaintiff must first file a complaint with the Florida Commission on Human Relations ("FCHR"). See Joshua v. City of Gainesville, 768 So. 2d 432, 436 (Fla. 2000); Santini v. Cleveland Clinic Florida, 843 So. 2d 1029 (Fla. 4th DCA 2003); Fla. Stat. § 760.11(1),(4). Specifically, a civil action "may be initiated only after the plaintiff has exhausted his or her administrative remedies." Id. at § 760.07. The first step is that the Plaintiff "file a complaint with the commission." Id. at § 760.11(1). Failure to comply with this provision of Fla. Stat. § 760.11 bars a subsequent civil action under the FCRA. See Thompson v. Nassau County Dept. of Trans., 1999 U.S. Dist. LEXIS 21268 (M.D. Fla. July 13, 1999); Fla. Stat. § 760.11(1),(4).

In his Complaint, Plaintiff admits he filed a Charge of discrimination with the Miami Dade County Equal Opportunity Board ("MDCEOB") – not the FCHR. (See Complaint ¶¶ 4, 14).[2]

A charge which is filed with a local agency and the EEOC does not constitute a filing with the FCHR. See, e.g., Thompson , 1999 U.S. Dist. LEXIS 21268 at * 5-7 ("to allow the filing of a complaint invoking the FCRA with an entity other than the FCHR by someone other than the aggrieved individual (or the Attorney General, a Commissioner, or the

---

2 The charge, attached to the original Complaint at Exhibit A, was dual filed with the United States Equal Employment Opportunity Commission. Plaintiff failed to file a complaint asserting his federal claims within the 90 day period after receiving the EEOC Notice of Right to Sue. Plaintiff cannot avoid this failure by attempting to claim he filed the Charge with the FCHR so he can pursue these same claims in state court.

Commission) - - which recognizing "dual-filing" with the [local agency] or EEOC would do - - is to fail to comply with the FCHR's own regulations").

The First Amended Complaint and the Charge speak for themselves. Plaintiff neither alleged nor presented evidence indicating that Plaintiff's Charge was filed with the FCHR. Thus, his FCRA claim is barred because of Plaintiff's failure to exhaust his administrative remedies. See Joshua, 768 So. 2d at 436 (the Legislature did not intend for persons aggrieved under the Florida Civil Rights Act to proceed with a civil action without investigation by the Florida Commission on Human Relations . . . the Legislature wanted persons who believe they have been the object of discrimination to go through the administrative process prior to bringing a circuit court civil action.) In Joshua, the Florida Supreme Court specifically held that:

> [d]espite the language of section 760.11(8), which allows a complainant to proceed to circuit court without a reasonable cause determination, the entire statutory scheme seems to favor exhaustion of administrative remedies prior to court action. It would appear contrary to that scheme to require a person to proceed to court without any indication from the Commission of the progress, or lack thereof, in investigating the complaint filed with that body.

Id. at 437.

**B. Plaintiff Fails to State a Claim**

Even if Plaintiff's Charge was submitted to the FCHR, his FCRA claim is still barred because he fails to plead facts sufficient to state a claim of discrimination.

To plead a prima facie case of discrimination, Plaintiff must set forth facts alleging: (1) he belongs to a protected class; (2) he was subjected to adverse employment action; (3) his employer treated similarly situated employees outside his protected class more favorably; and (4) he was qualified to do his job. Showers v. The City of Barstow, 978 F. Supp. 1464, 1468

(M.D. Fla. 1997) (plaintiff failed to make factual assertions necessary to state a cause of action under Title VII).[3] For the "complaint to be adequate he must set forth sufficient facts to meet each of the four elements set forth above." Brown v. General Personnel Consultants, Inc., No. 99-2686-Civ-T-17C, 2000 U.S. Dist. LEXIS 8496 at * 13 (M.D. Fla. Apr. 6, 2000) (granting defendant's motion). See also Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); Jones v. Bessemer Carraway Medical Ctr., 137 F.3d 1306, 1311 n.6 (11th Cir. 1998), opinion modified by, 151 F.3d 1321 (1998).

Here, Plaintiff fails to allege that Defendant treated similarly situated non-Black employees more favorably and that he was qualified to do his job. Moreover, there is no nexus between the acts to allow an inference of discrimination.

Plaintiff alleges that on June 1, 2005 two Hispanic males "came for an inspection while Plaintiff was working on his post and Plaintiff reasonably complied with their inspection." (Complaint ¶ 8). These two men "accused Plaintiff of being rude and unprofessional." (Id. ¶ 9). "As a result, Plaintiff was disciplined and demoted." (Id. ¶ 10). Plaintiff was then "sent to INS 79th Street" where he "began receiving a lesser hourly pay and less hours a week." (Id. ¶¶12-13).

These allegations are insufficient because Plaintiff actually pleads that his supervisors disciplined him for being "rude and unprofessional." See Showers, 978 F. Supp. at 1468 (plaintiff failed to provide sufficient facts to support an inference of a nexus between race and the adverse treatment). Moreover, there no indication within Plaintiff's pleadings that he was

---

3 "Florida's Civil Rights Act is patterned after Title VII, and thus federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law." Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) (citing Florida Dep't of Community Affairs v. Bryant, 586 So. 2d 1205, 1209 (Fla. 1st DCA 1991)).

treated differently than any of his co-workers, either Caucasian or Black. See Id. (plaintiff failed to allege whether similarly situated non-protected persons received better treatment). Accordingly, Plaintiff's First Amended Complaint must be dismissed.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant respectfully requests this Court to dismiss Plaintiff's First Amended Complaint in its entirety, in addition to such other and further relief as this Court deems just and proper.

Dated this 26th day of February 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: Christine L. Wilson
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via e-mail and U.S. mail to Erwin Rosenberg, Esq., counsel for Plaintiff, Post Office Box 416433, Miami Beach, Florida 33141 the 26th day of February 2007.

Christine L. Wilson
Christine L. Wilson, Esq.

# EXHIBIT 1

IN THE CITCUIT COURT OF THE 11TH

JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE #06-28159-CA-10

TARENCE ROBINSON
Plaintiff

v.

ALUTIIQ-MELE, LLC, an Alaskan Corporation
Defendant
_______________________/

**FIRST AMENDED COMPLAINT**

**CLAIM 1: CLAIM UNDER FLORIDA CIVIL RIGHTS ACT 760.10(7)**

1. This is an action under F.S. 760.10(7) for an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

2. Personal jurisdiction is proper since the discrimination occurred in Miami-Dade County.

3. Venue is proper since the discrimination occurred in Miami-Dade County and Defendant has an office in Miami, Florida.

4. On or about June 16, 2005 Plaintiff made a charge of discrimination based on Race and Color against Defendant by filing the charge with the MDEOC, a Fair Employment Practice Agency, (which is in lieu of making a charge with the Florida Commission on Human Relations) identified as EEOC #15C-2005-00151. Attachment "A" from the Initial Complaint is hereby incorporated by reference.

5. More than 180 days passed after the filing with the MDEOC with no decision by the MDEOC.

6. When Defendant took over the federal contract on November 1, 2004, Plaintiff was hired as a Security Officer.

7. On or about April 2005, Plaintiff was promoted to be the Site Supervisor due to his excellent work performance.

8. On June 1, 2005 two White, Hispanic males (who some months ago had been hired as quality control supervisors by Defendant without posting the jobs) came for an inspection while Plaintiff was working on his post (DEA), and Plaintiff reasonably complied with their inspection.

9. Later, these White, Hispanic males accused Plaintiff of being rude and unprofessional towards these White, Hispanic males.

10. As a result, Plaintiff was disciplined and demoted to Plaintiff's original position, that of Security Officer, despite the fact that Plaintiff had been in good standing.

11. Two days later Plaintiff was demoted as supervisor.

12. Then Plaintiff was sent to INS 79th Street Biscayne Blvd.

13. Plaintiff began receiving a lesser hourly pay and less hours (35-38 hours per week, instead of 40 hours per week).

14. Shortly thereafter Plaintiff made a charge of discrimination at the MDEOC identified as EEOC #15C-2005-00151 based on Race and Color against Defendant.

15. Plaintiff stayed at INS 79th Street for about 6 to 8 months during which time Plaintiff had to be at work at 6 AM. to 2:30 P.M. or 6AM to 4PM. four days per week. (Previously Plaintiff had been working from 8AM to 4 PM, even prior to having become

a supervisor).

16. Defendant discriminated against Plaintiff on the basis of Plaintiff's race, color, Black, in violation of Chapter 760 of the Florida Statutes.

17. Discrimination is illegal by the Florida Civil Rights Act; F.S. 760.10(1)(A) prohibits an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

18. WHEREFORE, Plaintiff makes a claim under F.S. 760.10(7) for violation of F.S. 760.10(1)(A) and seeks the following remedies: an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues for which a jury trial is available.

**NOTICE OF APPEARANCE**

I, Erwin Rosenberg, hereby appear as attorney for Plaintiff.

Respectfully,

Erwin Rosenberg, Esq.
The Florida Bar #0163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789

**CERTIFICATE OF SERVICE**

I, Erwin Rosenberg, hereby certify I served by mailing a copy of this First Amended Complaint to Jennifer A. Schwartz, Esq., One Biscayne Tower, Suite 3500, 2 South Biscayne Boulevard, Miami, Florida 33131 on this February 16, 2007.

Respectfully,

Erwin Rosenberg, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

**NOTICE OF HEARING**
(Specially Set for 10 min.)

**TO:** Erwin Rosenberg, Esq.
Post Office Box 416433
Miami Beach, FL 33141

PLEASE TAKE NOTICE that the above-captioned cause will be called up for hearing on: Defendant's **Motion to Dismiss Plaintiff's First Amended Complaint and Supporting Memorandum of Law**

**BEFORE:** Honorable Margarita Esquiroz
**AT:** Dade County Courthouse
73 West Flagler Street, Courtroom 635
Miami, Florida 33128
**DATE:** Thursday, March 1, 2007
**TIME:** 2:30 p.m.

In accordance with the Americans With Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact the ADA Coordinator, at the Dade County Courthouse, 73 West Flagler Street, Room 911, Miami, Florida 33130, no later than seven days prior to the proceeding. If hearing impaired, (TDD) 305-349-7175 or 305-349-7174.

or as soon thereafter as it may be heard.

Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motion has been made with opposing counsel.

Dated this 26th day of February 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: [signature]
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
Attorneys for Defendant
Alutiiq-Mele, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via e-mail and U.S. Mail to Erwin Rosenberg, Esq., counsel for Plaintiff, Post Office Box 416433, Miami Beach, Florida 33141 the 26th day of February 2007.

[signature]
Christine L. Wilson, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation

Defendant.

**NOTICE OF UNAVAILABILITY**

PLEASE TAKE NOTICE that Christine L. Wilson, Esq., counsel for Defendant, will be unavailable from May 21, 2007 through June 1, 2007 as she will be out of the country on vacation, and requests the Court and parties not to schedule hearings, trials, depositions and/or file any pleadings that require a response or reply during this time period.

Dated this 12 day of March 2007.
Miami, Florida

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By: [signature]
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
ATTORNEYS FOR DEFENDANT

CASE NO.: 06-28159-CA-10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via e-mail and U.S. mail to Erwin Rosenberg, Esq., counsel for Plaintiff, Post Office Box 416433, Miami Beach, Florida 33141 the 12th day of March 2007.

Christine L. Wilson, Esq.

IN THE CITCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE #06-28159-CA-10

TARENCE ROBINSON
Plaintiff

v.

ALUTIIQ-MELE, LLC, an Alaskan Corporation
Defendant
_____________________________/

**SECOND AMENDED COMPLAINT**

**CLAIM 1: CLAIM UNDER FLORIDA CIVIL RIGHTS ACT 760.10(7)**

1. This is an action under F.S. 760.10(7) for an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

2. Personal jurisdiction is proper since the discrimination occurred in Miami-Dade County.

3. Venue is proper since the discrimination occurred in Miami-Dade County and Defendant has an office in Miami, Florida.

4. On or about June 16, 2005 Plaintiff made a charge of discrimination based on Race and Color against Defendant by filing the charge with the MDEOC, a Fair Employment Practice Agency, (which is in lieu of making a charge with the Florida Commission on Human Relations) identified as EEOC #15C-2005-00151. Attachment "A" from the Initial Complaint is hereby incorporated by reference.

5. More than 180 days passed after the filing with the MDEOC with no decision by the MDEOC.

6. When Defendant took over the federal contract on November 1, 2004, Plaintiff was hired as a Security Officer.

7. On or about April 2005, Plaintiff was promoted to be the Site Supervisor due to his excellent work performance.

8. On June 1, 2005 two White, Hispanic males (who some months ago had been hired as quality control supervisors by Defendant without posting the jobs) came for an inspection while Plaintiff was working on his post (DEA), and Plaintiff reasonably complied with their inspection.

9. Later, these White, Hispanic males accused Plaintiff of being rude and unprofessional towards these White, Hispanic males.

10. As a result, Plaintiff was disciplined and demoted to Plaintiff's original position, that of Security Officer, despite the fact that Plaintiff had been in good standing.

11. Two days later Plaintiff was demoted as supervisor.

12. Plaintiff's work was thereafter done by either or both of the abovementioned Hispanic persons.

13. Then Plaintiff was sent to INS 79th Street Biscayne Blvd.

14. Plaintiff began receiving a lesser hourly pay and less hours (35-38 hours per week, instead of 40 hours per week).

15. Shortly thereafter Plaintiff made a charge of discrimination at the MDEOC identified as EEOC #15C-2005-00151 based on Race and Color against Defendant.

16. Plaintiff stayed at INS 79th Street for about 6 to 8 months during which time

Plaintiff had to be at work at 6 AM. to 2:30 P.M. or 6AM to 4PM. four days per week. (Previously Plaintiff had been working from 8AM to 4 PM, even prior to having become a supervisor).

17. Defendant discriminated against Plaintiff on the basis of Plaintiff's race, color, Black, in violation of Chapter 760 of the Florida Statutes.

18. Discrimination is illegal by the Florida Civil Rights Act; F.S. 760.10(1)(A) prohibits an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

19. WHEREFORE, Plaintiff makes a claim under F.S. 760.10(7) for violation of F.S. 760.10(1)(A) and seeks the following remedies: an order prohibiting the discriminatory practice alleged and providing affirmative relief from the effects of the practice, including back pay, an award of compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, any other intangible injuries, punitive damages, reasonable attorney's fee and other costs.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial for all issues for which a jury trial is available.

Respectfully,

Erwin Rosenberg, Esq.
The Florida Bar #0163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789

**CERTIFICATE OF SERVICE**

I, Erwin Rosenberg, hereby certify I served by mailing a copy of this Second Amended Complaint to Jennifer A. Schwartz, Esq., One Biscayne Tower, Suite 3500, 2 South Biscayne Boulevard, Miami, Florida 33131 on this March 2, 2007.

Respectfully,

Erwin Rosenberg, Esq.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON, )
Plaintiff, )
v. )
ALUTIIQ-MELE, LLC, )
an Alaskan corporation )
Defendant. )

## NOTICE OF FILING NOTICE OF REMOVAL

Defendant, ALUTIIQ-MELE, LLC, through its undersigned counsel, hereby files this Notice of Filing Notice of Removal and states as follows:

1. On March 2, 2007, Plaintiff served Defendant with the Second Amended Complaint in this matter.

2. On March 23, 2007, Defendant filed a Notice of Removal in the United States District Court for the Southern District of Florida, Miami Division, a copy of which is attached hereto as Exhibit "1."

**[THIS PAGE LEFT INTENTIONALLY SHORT]**

Dated this 23 day of March 2007.

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

By:______________________
Christine L. Wilson, Esq.
Florida Bar No. 143588
E-mail: *wilsonc@jacksonlewis.com*
Jennifer A. Schwartz, Esq.
E-mail: *schwartj@jacksonlewis.com*
Florida Bar No. 502431
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via e-mail and U.S. mail to Erwin Rosenberg, Esq., counsel for Plaintiff, Post Office Box 416433, Miami Beach, Florida 33141 the 23 day of March 2007.

______________________ for: 502431
Christine L. Wilson, Esq.

# Exhibit
# "B"

IN THE CITCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CASE #06-28159-CA-10

TARENCE ROBINSON
Plaintiff
v.

ALUTIIQ-MELE, LLC, an Alaskan Corporation
Defendant
_______________________/

**RESPONSE TO REQUESTS FOR ADMISSIONS**

1. Denied.

2. Denied.

3. Admitted.

4. Admitted.

Respectfully,

Erwin Rosenberg, Esq.
The Florida Bar #0163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789

**CERTIFICATE OF SERVICE**

I, Erwin Rosenberg, hereby certify I served by mailing a copy hereof to Jennifer A. Schwartz, Esq., One Biscayne Tower, Suite 3500, 2 South Biscayne Boulevard, Miami, Florida 33131 on this March 5, 2007.

Respectfully,

Erwin Rosenberg, Esq.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 06-28159-CA-10

TARENCE ROBINSON,

Plaintiff,

v.

ALUTIIQ-MELE, LLC,
an Alaskan corporation,

Defendant.

**DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF TARENCE ROBINSON**

Defendant, ALUTIIQ-MELE, LLC, by and through the undersigned counsel, propounds the following First Request for Admissions upon Plaintiff, TARENCE ROBINSON, and requests that they be answered separately within thirty (30) days of service, pursuant to Florida Rule of Civil Procedure 1.370.

**INSTRUCTIONS**

For the purposes of this Request for Admissions, the following definitions shall apply:

1. "Communication," "communicate," "inform," or "informed" shall mean any recordation, exchange or transfer of information, whether in writing, oral or other form, including, but not limited to, memoranda or notes to the file, telephone conversations and meetings, letters, telegraphic and telex communications, and includes all information relating to all oral communications and "documents" (as hereinabove defined), whether or not such document, or information contained herein was transmitted by its author to any other person.

2. "You" or "your" shall mean Plaintiff, TARENCE ROBINSON.

3. As used in this Request for Admissions, the singular shall include the plural, and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa.

4. To the extent that you consider any of the following Requests objectionable, you must specifically set forth the grounds for the objection.

5. The answer shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the request.

**REQUEST FOR ADMISSIONS**

1. The amount in controversy in this matter is less than the sum or value of $75,000.

2. You do not expect the amount in controversy in this matter to exceed the sum or value of $75,000 during the pendency of this suit.

3. You are a citizen of the state of Florida.

4. You reside in the state of Florida.

Dated this 5th day of February 2007.

Respectfully submitted,
By:____________________
Christine L. Wilson, Esq.
Florida Bar No. 143588
*wilsonc@jacksonlewis.com*
Jennifer Schwartz, Esq.
Florida Bar No. 5024301
*schwartj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard -Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was provided via facsimile and U.S. Mail this 5th day of February 2007 to Erwin Rosenberg, Esq., P.O. Box 416433, Miami Beach, Florida 33141.

____________________
Jennifer A. Schwartz, Esq.

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

07-20778 CIV - GOLD

MAGISTRATE JUDGE TURNOFF

**I. (a) PLAINTIFFS**
Tarence Robinson

**DEFENDANTS**
ALUTIIIQ-MELE, LLC

**(b)** County of Residence of First Listed Plaintiff Miami-Dade County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Anchorage, Alaska
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

FILED by JC D.C.
MAR 23 2007
CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christine L. Wilson, Esq.
Jennifer A. Schwartz, Esq.
Jackson Lewis, LLP
Two South Biscayne Blvd. #3500

Attorneys (If Known)
Erwin Rosenberg, Esq.
P.O. Box 416433

**(d)** Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

Dade | 07-20778-CIV-Gold | Turnoff

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☑ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☑ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO b) Related Cases ☐ YES ☐ NO
JUDGE Margarita Esquiroz DOCKET NUMBER 06-28159-CA-10

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:
The Complaint purports to assert violations of Florida Statutes 760.01 et seq.
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE March 23, 2007

**FOR OFFICE USE ONLY**
AMOUNT 350 — RECEIPT # 957028 IFP